UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JERRY JUNIOR HEATH, JR.,

        Petitioner,

        Case No. 2:25-cv-303

v.

        Hon. Hala Y. Jarbou

JEFFERY HOWARD,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is granted leave to proceed *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing a district court's duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because, based on the reasoning of *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019), the Court does not have subject-matter jurisdiction to consider the petition.

**Discussion**

I.   **Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Following a jury trial in the Calhoun County Circuit Court, Petitioner was convicted of two counts of armed robbery, in violation of Mich. Comp. Laws § 750.529. On August 12, 2019, the trial court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 40 to 60 years' imprisonment for each armed robbery conviction.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> This case arises from an armed robbery of two employees, J.B. and D.N., immediately after they closed an Arby's restaurant in Battle Creek, Michigan. Trial testimony established that . . . J.B. and D.N. were in the parking lot and about to drive away, when two assailants robbed them at gunpoint. The assailants then bound D.N. with zip ties and forced J.B. to re-open the Arby's and open the safe inside. At that point, a siren from a nearby fire truck scared the assailants, and they ran away.
>
> On a separate occasion, defendant robbed another individual, D.S., as D.S. was closing Sam's Discount Party Store in Battle Creek, Michigan. The prosecution sought to admit evidence of this robbery to show that defendant had a common scheme or plan, and the trial court allowed the evidence to be heard by the jury. Defendant was ultimately convicted of two counts of armed robbery.

*People v. Heath*, No. 350430, 2021 WL 3828922, at * 1 (Mich. Ct. App. Aug. 26, 2021) (footnote omitted).

Petitioner directly appealed his convictions and sentences raising several issues, including a claim that the state court improperly admitted evidence of the other robbery and a claim that the trial court erred when it assessed Petitioner 10 points under Offense Variable 14 of the Michigan Sentencing Guidelines. The court of appeals concluded that the admission of evidence regarding the other robbery was proper. *Id*. at * 1–3. But the court agreed with Petitioner regarding the

2

scoring of Offense Variable 14. *Id*. at * 4–5. Accordingly, the Michigan Court of Appeals "affirm[ed Petitioner's] convictions but vacate[d] his sentence and remand[ed] to the trial court for resentencing. *Id*. at * 7.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2.) The Michigan Supreme Court denied leave to appeal except with regard to the other-acts evidence claim. *People v. Heath*, 979 N.W.2d, 979 N.W.2d 658 (Mich. 2022). In lieu of granting leave to appeal with regard to that claim, the Michigan Supreme Court vacated the Michigan Court of Appeals judgment and remanded the case back to the court of appeals for reconsideration in light of *People v. Denson*, 902 N.W.2d 306 (Mich. 2017) and *People v. Golochowicz*, 319 N.W.2d 518 (Mich. 1982). *Heath*, 979 N.W.2d at 658–59.

Upon reconsideration, the Michigan Court of Appeals again concluded that admission of the other-acts evidence did not warrant relief. *People v. Heath*, No. 350430, 2024 WL 388420 (Mich. Ct. App. Feb. 1, 2024). Petitioner sought leave to appeal that decision. (Pet., ECF No. 1, PageID.4.) The Michigan Supreme Court denied leave, initially and upon reconsideration. *People v. Heath*, 7 N.W.3d 795 (Mich. 2024); *People v. Heath*, 10 N.W.3d 272 (Mich. 2024).

Now that his appeals are complete, Petitioner has moved for resentencing in the trial court. A hearing on that motion is scheduled for February 2, 2026, in the Calhoun County Circuit Court.[1] Petitioner filed a motion to stay these proceedings pending the final resolution of his resentencing. (ECF No. 4.)

---

[1] Case Details, *State v. Heath*, No. 2018-0000001606-FC (Mich. Calhoun Cnty. Cr. Ct.), available at https://micourt.courts.michigan.gov/case-search/ (select "Continue," select "Calhoun County 37th Circuit Court," select "Case Number Search," enter Year "2018" and Number "0000001606," select "Search," select Case ID "2018-00000001606-FC," and expand the "Events" section) (last visited Dec. 20, 2025).

**II.     Subject Matter Jurisdiction**

"[L]itigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Market Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). The fact that Petitioner is not presently in custody under a final judgment of sentence raises some concern regarding this Court's subject matter jurisdiction.

The Sixth Circuit considered whether a federal district court had subject matter jurisdiction over a habeas petition filed before the imposition of a final sentence in *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019). Davis had been convicted of several offenses, including second-degree murder, and was sentenced as a third habitual offender. *See id.*, 2019 WL 3035577, at * 1. Davis appealed to the Michigan Court of Appeals, and the court of appeals affirmed his convictions but remanded the matter for resentencing. *Id.* The trial court resentenced Davis, and he again appealed, arguing that counsel provided ineffective assistance at his resentencing hearing. *Id.* The court of appeals rejected Davis's ineffective assistance claim "but nonetheless concluded that reversal of the trial court's amended sentencing judgment was necessary." *Id.* Specifically, the court of appeals reversed the amended sentencing judgment and remanded with instructions for the trial court to enter a judgment reinstating Davis's original sentence. *Id.*

While that second appeal was pending, Davis had filed a § 2254 petition in the United States District Court for the Eastern District of Michigan. *Id.* That court denied the petition on the merits but granted a certificate of appealability with respect to both grounds for relief raised in the petition. *Id.* Davis, therefore, appealed the denial of his § 2254 petition to the Sixth Circuit.

On appeal, the Sixth Circuit noted that "[a]lthough neither party nor the district court questioned the district court's subject-matter jurisdiction over this case, we are obligated to raise

the issue *sua sponte* when it appears from the record that jurisdiction is lacking." *Id.* at *2. The Sixth Circuit concluded that the Eastern District of Michigan had lacked jurisdiction to consider Davis's § 2254 petition because he had filed it while his second appeal was still pending and before the trial court reimposed sentence; therefore, "his state judgment had not become final, and his habeas petition was therefore not ripe for review." *Id.* The Sixth Circuit noted that even though the jurisdictional defect "may have since been cured" because of the remand for resentencing on July 24, 2018, that did not change the result because "the jurisdiction of the court depends upon the state of things at the time of the action brought." *See id.* (quoting *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004)). The Sixth Circuit, therefore, vacated the district court's judgment and remanded the case with instructions that the district court dismiss Davis's § 2254 petition without prejudice. *Id.*

Here, the procedural posture of Petitioner's case is akin to Davis's. As set forth above, the Michigan appellate courts affirmed Petitioner's convictions but concluded that Petitioner's sentence was not properly determined. Petitioner is now awaiting resentencing in the trial court.

The Court recognizes that *Davis* is nonprecedential and therefore is not binding authority. *See Meadows v. City of Walker*, 46 F.4th 416, 424 (6th Cir. 2022). Furthermore, the "other-acts evidence" claim that Petitioner raises is not directed toward his sentences; instead, Petitioner focuses on an alleged due process violation that calls into question his convictions. Nevertheless, "piecemeal litigation" is disfavored, and a state prisoner "is entitled to one fair opportunity to seek federal habeas relief from his conviction." *Banister v. Davis*, 590 U.S. 504, 507, 512 (2020). Dismissing the instant § 2254 petition without prejudice would allow Petitioner to file an all-inclusive petition that raises the "other-acts evidence" claim he has asserted, as well as any claims he may wish to raise regarding his resentencing, once his judgment of sentence has become final.

No final judgment of sentence exists in Petitioner's case. Accordingly, the limitations period has not begun to run, and it will not begin to run until Petitioner's judgment of sentence becomes final after his resentencing. *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, there is no reason to grant Petitioner's motion to stay these proceedings. Under the circumstances, *Davis* counsels that this Court does not have jurisdiction to consider Petitioner's claims attacking his convictions. Accordingly, the Court will dismiss Petitioner's § 2254 petition without prejudice and deny his motion to stay these proceedings as unnecessary.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's § 2254 petition on the procedural ground that the Court lacks jurisdiction.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that *Davis* compels dismissal of the petition for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability.

## Conclusion

The Court will enter a judgment dismissing Petitioner's § 2254 petition without prejudice, as well as an order granting Petitioner leave to proceed *in forma pauperis* but denying his motion for stay and denying a certificate of appealability.

Dated: December 29, 2025        /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          CHIEF UNITED STATES DISTRICT JUDGE